UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLEVELAND M. GAYLE, JR.,                    Case No. 12-10898

       Plaintiff,                          Victoria A. Roberts
v.                                          United States District Judge

ARBOR MORTGAGE CORPORATION, *et al*,        Michael Hluchaniuk
                                            United States Magistrate Judge
       Defendants.
_____/

## REPORT AND RECOMMENDATION
## MOTION TO DISMISS (Dkt. 5)

## I.    PROCEDURAL HISTORY

Plaintiff filed his complaint in Oakland County Circuit Court on February 8, 2012.  (Dkt. 1-2).  This action was removed to federal court by defendants on February 28, 2012.  (Dkt. 1).  On Marcy 6, 2012, defendants R.K. Arnold, CitiMortgage, Inc., Sanjiv Das, Daniel Hoffman, Bill Huffman, Paul Ince, and Mortgage Electronic Mortgage Systems filed a motion to dismiss the complaint. (Dkt. 5).  This matter was referred to the undersigned for all pretrial proceedings. (Dkt. 6).  On March 23, 2012, defendant Potestivo Associates filed a notice of joinder/concurrence in the motion to dismiss.  (Dkt. 14).  Defendants Arbor Mortgage Corporation and Ivan Kauffman filed a notice of joinder/concurrence in the motion to dismiss on April 4, 2012.  (Dkt. 17).  Plaintiff filed a response to the

Report and Recommendation
Motion to Dismiss
*Gayle v. Arbor Mortg. Co.*; Case No. 12-10898

1

motion to dismiss on April 6, 2012.  (Dkt. 18).  Replies were filed on April 18, and

April 23, 2012.  (Dkt. 19, 20).  Plaintiff filed a second response to the motion to

dismiss on June 22, 2012.  (Dkt. 21).  This matter is now ready for report and

recommendation.

　　　　For the reasons set forth below, the undersigned **RECOMMENDS** that

defendants' motion to dismiss be **GRANTED**.

## II.　　FACTUAL BACKGROUND

　　　　A.　　The Mortgage, Default, and Foreclosure

　　　　This case involves real property commonly known as 1564 Pebble Beach

Drive, Pontiac, MI.  On January 15, 2008, plaintiff entered into a mortgage loan

transaction with Arbor Mortgage Corporation (Arbor).  As security for the loan,

plaintiff executed a promissory note and a mortgage.  (Dkt. 5-2).  The mortgage

was assigned to CMI, and the Assignment of Mortgage was recorded with the

Oakland County Register of Deeds on June 9, 2011.  (Dkt. 5-3).  Plaintiff

subsequently defaulted on his obligations under the mortgage.  On November 15,

2011, the property was sold at a Sheriff's sale to CMI.  (Dkt. 5-4).

　　　　B.　　Plaintiff's Complaint

　　　　Plaintiff's complaint is not easy to follow.  He asserts claims of fraud and

"collusion" and claims that the mortgage note on his home violates the Truth in

Lending Act (TILA), the Consumer Protection Act, the Real Estate Settlement

2

Report and Recommendation
Motion to Dismiss
*Gayle v. Arbor Mortg. Co.*; Case No. 12-10898

Procedures Act (RESPA), and the Home Ownership and Equity Protection Act (HOEPA). (Dkt. 1-2). More specifically, plaintiff claims that he was not given the HUD booklet on loans or a Good Faith Estimate within three days of making his loan application and was not given the three day cooling off period required by Regulation Z. He also claims that he was not given signed copies of the complete loan transaction within a reasonable period of time, or any time. He also claims that defendants did not make the disclosures required by law.

Next plaintiff claims that he is a victim of "predatory lending" and he is disputing the validity of the current debt defendants claim that he owes. And, he seeks to rescind the credit transaction. In Count III of the complaint, plaintiff asserts that defendants claim to lend money or extend credit for purchases, but alleges that they do not do so. Rather, according to the complaint, defendants "exchange credit to the borrower's 'transaction accounts'" and call it a credit, rather than an exchange. (Dkt. 1-2). Plaintiff alleges that defendants "take the original charge slips and claim them as assets without the knowledge or permission of the owners," "sell the charge slips and/or applications/agreements and retain the proceeds without the knowledge or permission of the owners," and accept payments for charge slips which are no longer in your possession." Plaintiff also claims that defendants "know that the only evidence of debt is the original charge application yet you accept payment for these charges and retain the

Report and Recommendation
Motion to Dismiss
*Gayle v. Arbor Mortg. Co.*; Case No. 12-10898

original instead of returning it to its lawful owner" and "misrepresent an account balance as being a debt."  Plaintiff alleges that defendants harass mortgage holders, use misinformation and lies, threaten mortgage holders with derogatory statements on their credit report if they demand explanations.  Plaintiff claims that these actions constitute "racketeering."

Plaintiff also alleges that there is an "elaborate scheme" among defendants to receive credits from homeowners and then charge through fraudulent agreements, three to four times the original value of the property and enforce fraudulent lines with government assistance, stealing by force the property from the homeowner.  Plaintiff then claims to rescind the application and agreement on the ground that the execution of the agreement was obtained by fraud, misrepresentation, deceit, mutual mistake, and unilateral mistake.  The remainder of plaintiff's complaint seems to outline the terms and conditions of his rescission demand, a demand that defendants prove certain things with competent evidence, and other demands made of defendants.

C.     Motion to Dismiss

Defendants make four primary arguments in support of their motion to dismiss.  First, they assert that plaintiff's claim under TILA, RESPA, and HOEPA are time-barred.  Second, they argue that plaintiff's fraud claims must fail because he failed to plead them with particularity.  Third, defendants contend that plaintiff

4

Report and Recommendation
Motion to Dismiss
*Gayle v. Arbor Mortg. Co.*; Case No. 12-10898

is not entitled, as a matter of law, to rescission.  And fourth, defendants argue that

plaintiff's racketeering claim also fails as a matter of law.

More specifically, defendants contend that plaintiff's TILA and HOEPA

claims (Counts I and II) are barred by the one year statute of limitations found in

15 U.S.C. § 1640(e).  According to defendants, plaintiff's TILA and HOEPA

claims are based on alleged improprieties that occurred at the origination and

closing of the Loan in January 2008, in which the CMI-MERS Defendants did not

participate. (Compl., pp. 2-4); (Ex. A, Mortgage).  Defendants point out that

claims for damages under TILA and HOEPA are subject to a one-year limitation

period.  15 U.S.C. § 1640(e) ("Any action under this section may be brought in

any United States district court, or in any other court of competent jurisdiction,

within one year from the date of the occurrence of the violation."); *see also*

*Thielen v. GMAC Mortgage Corp.*, 671 F. Supp. 2d 947, 953 (E.D. Mich. 2009)

("TILA's one-year statute of limitations, codified at 15 U.S.C. § 1640(e), also

applies to HOEPA claims.").  Therefore, defendants maintain, plaintiff's TILA and

HOEPA claims, asserted for the first time on February 14, 2012, more than three

years after the origination of the Loan, are time-barred.  *See Barkho v.*

*Homecomings Fin., LLC*, 657 F.Supp.2d 857, 861-62 (E.D. Mich. 2009)

(dismissing similar claims as time-barred).

Defendants also assert that plaintiff's claim for violations of RESPA is

time-barred.  Plaintiff's allegations of a violation of RESPA appear to concern a purported failure to provide disclosures required by 12 U.S.C. § 2604.  (Count I, ¶ 2).  Defendants first point out that RESPA does not create a private right of action for violations of 12 U.S.C. § 2604.  *See Marshall-Ford v. Wells Fargo Mortgage*, 2009 WL 2849524 at * 3 (E.D. Mich. 2009) (finding no private right of action under § 2604).  Defendants next point out that any other related purported RESPA violation, which are pleaded in conjunction with plaintiff's TILA and HOEPA claims, concern alleged violations that occurred at the origination of the Loan in 2008 and such purported violations are subject to a one or three-year limitation period and therefore also are time-barred.  12 U.S.C. §§ 2605, 2607, 2608, 2614.  Thus, defendants contend that plaintiff's RESPA claim must be dismissed.

Defendants also criticize plaintiff's fraud claim being made up of merely conclusory statements, including that a "misrepresentation" was made and that the loan transaction lacked consideration for a valid contract, despite the existence of signed and recorded loan documents to the contrary.  (Compl., p. 8 and Count III ¶ 16).  According to defendants, there is no factual matter to support plaintiff's bare legal conclusions, let alone Rule 9(b)'s heightened pleading requirements for fraud-based claims.  Under Rule 9(b), a plaintiff "must at a minimum allege the time, place and contents of the misrepresentation(s) upon which he relied."

*Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984). In addition, a plaintiff must set forth the identity of the person who made the alleged misrepresentations. *See Hoover v. Langston Equip. Assoc., Inc.*, 958 F.2d 742, 745 (6th Cir. 1992). A fraud claim may be dismissed for failure to state a claim if the particularity requirement is not met. *FFOC Co. v. Invent A.G.*, 882 F. Supp. 642, 658-59 (E.D. Mich. 1994). There is absolutely no factual matter presented regarding any of the Mortgage or Note terms that plaintiff has put at issue, let alone how anything about these items were improper or fraudulent. Consequently, defendants assert that plaintiff has failed to satisfy his obligations under Rule 9(b) to plead fraud with particularity, and his fraud claim should be dismissed.

Defendants also argue that there is no basis for such plaintiff to seek rescission of the mortgage. First, defendants point out that the mortgage was foreclosed on November 15, 2011. Second, Michigan courts have refused to order rescission where the complaining parties have enjoyed the benefits of the contract. *McIntosh v. Fixel*, 297 Mich. 331, 345; 297 N.W. 512 (1941) (holding that "a party who delays and accepts benefits of a contract cannot thereafter rescind, his remedy being an action for damages"). According to defendants, plaintiff secured the loan in 2008 and he has ratified the loan by accepting its proceeds and living in the property for more than three years. Not only has plaintiff failed to state a basis for rescission, the time to rescind has long passed. *Id*. Third, defendants contend

that as a condition precedent, Michigan law requires that a party seeking to rescind a contract tender back to the other party what he received under the contract so as to return the other party to the pre-contractual "status quo." *Kundel v. Portz*, 301 Mich. 195, 210; 3 N.W.2d 61 (1942) ("Rescission, whether legal or equitable, is governed by equitable principles, one of which is that an essential prerequisite to the receipt of such relief is the return of what has been received, or its equivalent, by him who seeks the remedy."). Defendants contend that plaintiff has not alleged that he returned or offered to return the proceeds of the loan and plaintiff cannot seek rescission because rather than returning the funds, he has defaulted on the Loan. *Grabendike v. Adix*, 335 Mich. 128, 140; 55 N.W.2d 761 (1952) ("It is also the rule that the party seeking cancellation or rescission must restore the opposite party to the status quo.").

Without identifying any particular defendant, plaintiff alleges in the complaint that "[y]our actions and methods define racketeering." (Compl., Count III ¶ 14). However, according to defendants, plaintiff fails to plead any facts sufficient to state a claim for racketeering. Mich. Comp. Laws § 750.159i(2) provides: "A person shall not knowingly acquire or maintain an interest in or control of an enterprise or real or personal property used or intended for use in the operation of an enterprise, directly or indirectly, through a pattern of racketeering activity." In general, racketeering occurs when a party acquires or controls an

interest in a criminal enterprise for the purpose of financial gain. *See People v. Lowery*, 274 Mich. App. 684, 687-88; 736 N.W.2d 586 (2007). Michigan law, however, expressly states that violations of § 750.159i do not create a private cause of action. Mich. Comp. Laws § 750.159u ("this chapter does not create a civil cause of action between 2 or more persons."). Plaintiff has no racketeering claim under Michigan law.

Defendants also argue that, to the extent he is attempting to plead a federal claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), plaintiff also fails to plead the requisite elements. A RICO claim requires a showing of: "(1) the existence of an enterprise which affects interstate or foreign commerce; (2) that the defendant 'associated with' the enterprise; (3) that the defendant participated in the conduct of the enterprise's affairs; and (4) that the participation was through a pattern of racketeering activity." *United States v. Hammoud*, 556 F. Supp. 2d 710, 713 (E.D. Mich. 2008); *see also* 18 U.S.C. § 1964(c) (permitting private cause of action for individuals injured by RICO crimes). Defendants assert that plaintiff fails to identify even one of the required elements for a RICO claim and his complaint is devoid of any factual assertions in support of his conclusory allegations of racketeering. Indeed, nothing in plaintiff's complaint comes remotely close to allowing "the court to draw the reasonable inference" that any of the defendants could be liable for racketeering.

Thus, defendants contend that this "claim" is also subject to dismissal.

      D.      <u>Plaintiff's Response to the Motion to Dismiss</u>

In response, plaintiff claims that defendants have engaged in a pattern of fraud and deception across the country and the state of Michigan in attempting to foreclose properties after they have already been paid in full, plus paid a fee for "standing for an undisclosed lender." (Dkt. 18). Plaintiff says his allegations that defendants have already been paid is easily ascertainable from the 10K and 8K filings with the SEC. Plaintiff also says he has "consulted with a knowledgeable reference which explains and demonstrates the fraud." Plaintiff claims that, based on information from his expert consultant, along with the SEC filings, defendants have been paid in full and want the real property too. According to plaintiff, defendant should not be allowed to take title to the property when it has been paid in full, plus a fee for standing in for the mortgage aggregator, who was the real lender, and who was unregistered in the State of Michigan to do business as an investment bank.

Plaintiff next asserts that the failure to disclose the "real parties" and all the fees paid to the undisclosed parties violates TILA and the parties' contract, and was a breach of fiduciary duty. Plaintiff also argues that his complaint contains sufficient facts to establish who the defendants are, their relationship to the other defendants, and the claim of fraud on the promissory note. In his second response,

Report and Recommendation
Motion to Dismiss
*Gayle v. Arbor Mortg. Co.*; Case No. 12-10898

plaintiff claims that there is no statute of limitations because this is a fraud case. (Dkt. 21). Plaintiff also asserts that defendants do not possess a note, but rather are passing off an "Adjustable Rate Note" as Promissory Note, which plaintiff believes is paid in full.

      E.      Defendants' Reply

In reply, defendants argue that plaintiff's response does not cure his failure to state a plausible claim for relief in his complaint. Defendants characterize plaintiff's response as "conspiratorial-type ramblings" regarding the underlying loan transaction that simply fail to state a viable cause of action. Moreover, plaintiff's complaint is based on occurrences that are long since time-barred. Next, defendants assert that plaintiff lacks standing to challenge any transfer or assignment of the mortgage or note. And, defendants argue that any claim that the note was sold or securitized makes the assignments invalid or impacts the validity of the mortgage is incorrect as a matter of law.

## III.    ANALYSIS AND CONCLUSIONS

      A.      Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A plaintiff is also obliged "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007), quoting, *Twombly,* 550 U.S. at 555 (citations and internal quotation marks omitted). And, while a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.,* quoting *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted); *see also League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (The factual allegations in a complaint need not be detailed but they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief.").

The Sixth Circuit recognized that in *Erickson v. Pardus*, 551 U.S. 89 (2007), "a case decided just two weeks after *Twombly*, the Supreme Court clarified *Twombly* by holding that a prisoner bringing a § 1983 claim against his captor is not required to state [s]pecific facts in their complaint; and *Twombly* itself suggests that its holding may be limited to cases likely to produce sprawling,

costly, and hugely time-consuming litigation." *U.S. v. Ford Motor Co.*, 532 F.3d 496 (6th Cir. 2008) (citations and internal quotation marks omitted). The Sixth Circuit applied a more stringent pleading standard in *U.S. v. Ford* because a fraud claim was involved, which requires the application of the heightened pleading standard set forth in Rule 9(b), rather than the more liberal pleading standard found in Rule 8(a)(2). Thus, when applying *Twombly*, except as to a claim of fraud, the Court must still read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Erickson*, 551 U.S. at 93-94 (The Court of Appeals improperly departed "from the liberal pleading standards set forth by Rule 8(a)(2)" and failed to "liberally construe" the *pro se* complaint at issue.).

"[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Thus, it is permissible to consider, in the context of a motion to dismiss, documents such as those relating to the mortgage transaction, assignment, and foreclosure because they are referenced in plaintiffs' amended complaint and are central to their claims. *Allen v.*

*International Truck & Engine Corp.*, 2010 WL 749655, *2 (S.D. Ohio 2010); *see also Havenick v. Network Exp., Inc.*, 981 F.Supp 480 (E.D. Mich. 1997) ("the Court may properly consider, for the purposes of a Motion under Fed.R.Civ.P. 12(b)(6), the entirety of documents which Plaintiffs rely upon and quote in their Complaint without transforming the Motion into one for Summary Judgment.") *Greenberg v. Life Insurance Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999) (when "a document is referred to in the complaint and is central to the plaintiff's claim ..., the defendant may submit an authentic copy to the court to be considered on a motion to dismiss."); *Crofton v. Bank of America Home Loans*, 2011 WL 1298747) (A court may also consider "matters of public record," such as documents recorded with the Register of Deeds when considering a motion to dismiss under Rule 12(b)(6)); *Bundy v. Federal Nat. Mort. Ass'n.*, 2011 WL 977531, *2 (Given that the "the loan applications, mortgages, and notes attached to defendants' motion" were referred to in the complaint and were central to plaintiff's claims, they "are considered part of the pleadings, and the Court's consideration of these documents does not convert a motion to dismiss into one for summary judgment.").

## B.   TILA/HOEPA

HOEPA is an amendment to the TILA and as such, a claim for damages under HOEPA, like a claim for damages under TILA, is governed by the same

limitations period, which is one year from the date of the loan transaction for a damages claim and three years for a rescission claim. *Printy v. JP Morgan Chase*, 2011 WL 1103473, *4 (E.D. Mich. 2011). A TILA claim for rescission brought more than three years after consummation of the loan transaction is time-barred. *See Beach v. Ocwen Federal Bank*, 523 U.S. 410 (1998) (A mortgagor cannot assert right to rescind as recoupment defense in foreclosure action brought by mortgagee more than three years after consummation of loan transaction); *see also Campbell v. Deutsche Bank Nat. Trust Co.*, 2011 WL 2533577, *4 (E.D. Mich. 2011). "[Section] 1635(f) completely extinguishes the right of rescission at the end of the 3-year period." *Beach*, 523 U.S. at 412. "[U]nlike the one year limitation on an action for damages, the three year limitation on actions for rescission is not a statute of limitations subject to tolling, but rather it is a statute of repose, which creates a substantive right, not subject to tolling." *In re Community Bank*, 467 F.Supp.2d 466, 481 (W.D. Pa. 2006). Plaintiff entered into the mortgage loan transaction on January 15, 2008. (Dkt. 5-2). Thus, even if plaintiff had a right to rescind under the TILA at some point, the three year limitations period had long expired when plaintiff filed suit in January 2012. To the extent that plaintiff asserts a claim for damages under TILA or HOEPA, these claims too are time-barred under TILA's one-year statute of limitations. *See* 15 U.S.C. § 1640(e) ("[a]ny action under this section may be brought in any United

States district court, or in any other court of competent jurisdiction within one year from the date of the occurrence of the violation.").  Plaintiff has not argued that the limitations period is subject to equitable tolling.  Thus, plaintiff's TILA and HOEPA claims should be dismissed because they are barred by the applicable statute of limitations.

C.      RESPA

RESPA requires lenders to disclose all settlement costs, practices and relationships, and also prohibits "kickbacks" and the receipt of unearned fees between lenders and third-party settlement service agents.  *See* 12 U.S.C. § 2607(a).  RESPA claims are subject to a one-year statute of limitations, which begins to run "from the date of the occurrence of the violation."  *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 421 n. 7 (6th Cir. 2009) (the "occurrence of the violation" is the date "plaintiffs completed the sale of their home" (i.e., the closing date)).  Plaintiff entered into the mortgage loan transaction on January 15, 2008.  (Dkt. 5-2).  Again, any RESPA claims that may have existed are long since barred by the statute of limitations.

D.      Fraud

Rule 9(b) requires that the plaintiff at least:

> "allege the time, place, and content of the alleged
> misrepresentation on which he or she relied; the
> fraudulent scheme; the fraudulent intent of the

> defendants; and the injury resulting from the fraud."
> *Coffey v. Foamex L.P.*, 2 F.3d 157, 161–62 (6th Cir.
> 1993) (internal quotation marks and citations omitted);
> *see also United States ex rel. Branhan v. Mercy Health
> Sys. of Southwest Ohio*, No. 98–3127, 1999 WL 618018,
> at *1 (6th Cir. Aug. 5, 1999) (affirming dismissal of a
> complaint alleging improper billing in violation of the
> FCA because it "failed to allege a single specific incident
> in which improper billing occurred and the plaintiff
> never set forth the dates, times, or the names of
> individuals who engaged in the alleged improper
> billing"). Essentially, the amended complaint should
> provide fair notice to Defendants and enable them to
> "prepare an informed pleading responsive to the specific
> allegations of fraud." *Advocacy Org. for Patients &
> Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322
> (6th Cir. 1999) (citing *Michaels Bldg. Co. v. Ameritrust
> Co., N .A.*, 848 F.2d 674, 679 (6th Cir. 1988)).

*U.S. ex rel. Bledsoe v. Cmty Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003).

This heightened pleading requirement applies to *pro se* plaintiffs.  *Minger v.
Green*, 239 F.3d 793, 800 (6th Cir. 2001).  Plaintiff's complaint is devoid of the
factual allegations necessary to comply with Rule 9 and avoid dismissal.  Thus, the
undersigned recommends dismissal without prejudice of plaintiff's fraud claim.[1]

E.    RICO

Plaintiff's allegation that defendants' actions constitute "racketeering" does

---

[1] *Yaldu v. Bank of America Corp.*, 700 F.Supp.2d 832, 845 (E.D. Mich. 2010)
("[D]ismissal with prejudice on the basis of failure to plead with particularity ordinarily should
be done only after the plaintiff has a chance to seek leave to amend the complaint."); *see also
Boroff v. Alza Corp.*, 685 F.Supp.2d 704, 2010 WL 395211, *7 (N.D. Ohio 2010) ("The failure
to properly plead fraud is not grounds for dismissal with prejudice.").  In the alternative, the
Court could allow plaintiff to amend the complaint to assert a proper fraud claim.

Report and Recommendation
Motion to Dismiss
*Gayle v. Arbor Mortg. Co.*; Case No. 12-10898

17

not state a claim under RICO. *Binford v. John Adams Mortg.*, 2011 WL 4469140, report and recommendation adopted in part, 2011 WL 4469131 (E.D. Mich. 2011). "[A] RICO plaintiff must, at a minimum, describe ... two predicate acts of fraud with some specificity and state the time, place, and content of the alleged false representations, the method by which the misrepresentations were communicated, and the identities of the parties to those misrepresentations." *Slaney v. The Intern. Amateur Athletic Federation*, 244 F.3d 580, 597 (7th Cir. 2001). Plaintiff's complaint makes no such showing. *See Hankins v. Aegis Funding Corp.*, 2008 WL 4276935 (E.D. Mich. 2008) ("The act of transferring Plaintiff's mortgages between Defendants is not, by itself, a fraudulent act, even if it has the effect of blurring the chain of title. For this reason, the Complaint falls short of pleading with particularity the nature of Defendants' alleged racketeering activities and fails to state a RICO claim for which relief may be granted."). In addition, the undersigned agrees with defendants that Michigan law expressly provides that violations of its racketeering laws do not create a private cause of action. *See* Mich. Comp. Laws § 750.159u ("this chapter does not create a civil cause of action between 2 or more persons."). Thus, plaintiff has no racketeering claim under Michigan law either.

## IV.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that

Report and Recommendation
Motion to Dismiss
*Gayle v. Arbor Mortg. Co.*; Case No. 12-10898

18

defendants' motion to dismiss be **GRANTED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may

Report and Recommendation
Motion to Dismiss
*Gayle v. Arbor Mortg. Co.*; Case No. 12-10898

rule without awaiting the response.

Date: December 12, 2012                    s/Michael Hluchaniuk
                                           Michael Hluchaniuk
                                           United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on December 12, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Douglas W. McConnell, Jason S. Schnelker, Kyle R. Dufrane, Nasseem S. Ramin, Chantelle R. Neumann, and Kenneth A. Slusser, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): Cleveland M. Gayle, Jr., 1564 Pebble Beach Drive, Pontiac, MI 48340.

                                           s/Tammy Hallwood
                                           Case Manager
                                           (810) 341-7887
                                           tammy_hallwood@mied.uscourts.gov